09-4979-ag
Diakite v. U.S. DOJ

BIA
Sichel, IJ
A097 852 249

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of June, two thousand twelve.

PRESENT:
>    DENNIS JACOBS,
>       *Chief Judge,*
>    ROBERT D. SACK,
>    REENA RAGGI,
>       *Circuit Judges.*

_____

BAKARI DIAKITE,
>    *Petitioner,*

>    v.                                    09-4979-ag
>                                          NAC

UNITED STATES DEPARTMENT OF JUSTICE,
BOARD OF IMMIGRATION APPEALS,
>    *Respondents.*

_____

FOR PETITIONER:          Brian I. Kaplan, Goldberg & Kaplan, LLP, New York, NY.

FOR RESPONDENTS:         Loretta E. Lynch, United States Attorney; Varuni Nelson; Scott Dunn; Margaret M. Kolbe, Assistant United

**States Attorneys; Dione M. Enea, Special Assistant United States Attorney, Of Counsel, Eastern District of New York, Brooklyn, NY.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Bakari Diakite, a native and citizen of the Democratic Republic of the Congo ("DRC"), seeks review of a November 3, 2009, order of the BIA affirming the March 18, 2008, decision of Immigration Judge ("IJ") Helen J. Sichel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Diakite*, No. A097 852 249 (B.I.A. Nov. 3, 2009), *aff'g* No. A097 852 249 (Immig. Ct. N.Y. City Mar. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision, and address only the adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-

2

established.  *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole.  *See Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir. 2005).  At the same time, however, "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal citations omitted).  The agency's adverse credibility finding in this case was based on an accumulation of factors, including the inconsistency in Diakite's testimony as to when his family store was robbed and destroyed, inconsistencies among his testimony, asylum application and corroborating evidence as to when he entered the United States, and a discrepancy between his testimony and his corroborating evidence as to the date of, and events during, the incident which precipitated Diakite's departure from the DRC.

These inconsistencies were substantial when measured against the record as a whole, and IJ provided specific and cogent reasons for relying upon them in finding Diakite not credible. The agency therefore did not err in concluding that Diakite was not credible. *See Majidi v. Gonzales*, 430 F.3d 77, 79-80 (2d Cir. 2005); *Secaida-Rosales v. INS*, 331 F.3d 297, 308-09 (2d Cir. 2003).[*] The adverse credibility determination precludes success on the claims for asylum, withholding of removal, and CAT relief, because the only evidence of a threat to Diakite's life or freedom, or that he was likely to be tortured, depended upon his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that this Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for

---

[*] Because Diakite applied for asylum prior to the enactment of the Real ID Act, *Secaida-Rosales* is applicable. *See Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 287 n.6 (2d Cir. 2009).

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk